**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**DAVID BUHRMESTER,**

               **Plaintiff,**

    **v.**

**ABBOTT LABORATORIES,**

               **Defendant.**

FILED: JUNE 19, 2008
08CV3538
**No.** JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER
RCC

**Jury Trial Requested**

## COMPLAINT

NOW COMES Plaintiff, DAVID BUHRMESTER, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, ABBOTT LABORATORIES, states as follows:

### PRELIMINARY STATEMENT

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.      Plaintiff, DAVID BUHRMESTER, is a forty-six (46) year-old citizen of the United States who resides in Illinois.

5.      Defendant, ABBOTT LABORATORIES, is a corporation properly recognized and sanctioned by the laws of the State of Illinois.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.  Defendant is an employer for the purposes of 29 U.S.C. § 630(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**PROCEDURE**

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") in April 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on April 16, 2008, which Plaintiff received on April 24, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

**COUNT I – ADEA - AGE DISCRIMINATION**

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.      Plaintiff began working for Defendant in 1992 as a Chemical Operator and eventually was promoted to the position of Engineer Technician I.

9.      Throughout his fifteen (15) years of employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's promotions, merit-based raises, and performance

2

evaluations.

10.     Despite Plaintiff's fifteen (15) years of dedicated service, on January 30, 2008 Defendant terminated Plaintiff's employment for pre-textual purposes, based on a purported conflict of interest violation alleged to have occurred over five (5) years earlier, in order to replace him with a substantially younger employee.

11.     The allegation, based on the sale of a furnace that occurred in approximately 2002, was made by Randy Prohaska, a contractor of Defendant, whom Plaintiff had previously made reports to Defendant of Prohaska's dangerous, erratic, and criminal behavior.

12.     Although an investigation purportedly ensued regarding the allegations against Plaintiff, Defendant refused Plaintiff's request to interview relevant parties who would have corroborated that Plaintiff had not violated Defendant's policies.

13.     Further, when Plaintiff was interviewed in the investigation, he requested to bring a witness to the interview, only to be told by Connie Covington, Employee Relations Manager, that "he had no rights and could not bring anyone" to the meeting.

14.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, forty-six (46).

15.     Following the termination of his employment, Defendant replaced Plaintiff's position, duties, and responsibilities with Harold Hangebrauck, a substantially younger employee in his mid-thirties.

16.     Further, on the same day Plaintiff was terminated, Defendant also terminated the employment of Dennis Sandri, an employee over the age of fifty (50), for the same pre-textual reasons as Plaintiff.

17.     The aforementioned acts and omissions of Defendant constitute unlawful and willful

discrimination against Plaintiff on the basis of his age, forty-six (46), in violation of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

18.    As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone

wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID BUHRMESTER, prays for judgment against Defendant

and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns,

and all persons in active concert or participation with them, from engaging in any

employment practice, which unlawfully discriminates on the basis of age;

C.    Order Defendant to make whole DAVID BUHRMESTER by providing the

affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, liquidated and any other damages that the Court

may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to DAVID BUHRMESTER;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## JURY TRIAL DEMAND

19.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in

this complaint.

Respectfully submitted,
DAVID BUHRMESTER, Plaintiff,


By:  s/Lisa Kane
        Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093

08CV3538
JUDGE KENNELLY
MAGISTRATE JUDGE SCHENK
RCC

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  David W. Buhrmester
1350 Quail Court
Antioch, IL 60002

From:  Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Certified Mail 7001 1940 0003 8824 9156

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-04585 | Jacquelyn C. Gandy, Investigator Support Asst | (312) 886-5976 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                    4/16/2008

John P. Rowe,
**District Director**
                                                *(Date Mailed)*

Enclosures(s)

cc:    **Abbott Laboratories**

RECEIVED
APR 24 2008

FILED: JUNE 19, 2008
08CV3538
JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER
RCC

**Verification**

I, DAVID BUHRMESTER, declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2008.

DAVID BUHRMESTER