IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BUHRMESTER,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ABBOTT LABORATORIES,  )<br>  )<br>Defendant.  ) | Case No. 08 C 3538<br><br>Judge Kennelly<br>Magistrate Judge Schenkier |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Abbott Laboratories ("Abbott" or "Defendant"), by its undersigned counsel, answers the Complaint as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** Abbott admits that Plaintiff purports to bring a claim pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. Abbott denies that Plaintiff's claim has any merit.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** The allegations set forth in Paragraph 2 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Abbott denies any remaining allegations contained in Paragraph 2 and further denies that Plaintiff's claims have any merit.

## VENUE

3.   Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**   Abbott admits the allegations contained in Paragraph 3.

## PARTIES

4.   Plaintiff, DAVID BUHRMESTER, is a forty-six (46) year-old citizen of the United States who resides in Illinois.

**ANSWER:**   Abbott admits that Plaintiff is a forty-six (46) year-old citizen of the United States. Abbott is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 4, and therefore denies the same.

5.   Defendant, ABBOTT LABORATORIES, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**ANSWER:**   Abbott admits the allegations contained in Paragraph 5.

## PROCEDURE

6.   Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") in April 2008. The EEOC issued Plaintiff a Notice of Right to Sue on April 16, 2008,

-2-

which Plaintiff received on April 24, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:** Abbott admits that Plaintiff filed a charge with the EEOC in April 2008, that the EEOC issued Plaintiff a Notice of Right to Sue on April 16, 2008, and that Plaintiff initiated this action within 90 days of the date that the EEOC issued Plaintiff a Notice of Right to Sue. Abbott is without information sufficient to either admit or deny the allegation that Plaintiff received the Notice of Right to Sue on April 24, 2006 and therefore denies the same. The remaining allegations set forth in Paragraph 6 state propositions of law or conclusions of law to which no response is required. To the extent a response is required, Abbott admits that the Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.

## COUNT I – ADEA – AGE DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Abbott incorporates by reference its answers to Paragraphs 1 through 6 above as though each were separately set forth in full herein.

8. Plaintiff began working for Defendant in 1992 as a Chemical Operator and eventually was promoted to the position of Engineer Technician I.

**ANSWER:** Abbott admits the allegations contained in Paragraph 8.

9. Throughout his fifteen (15) years of employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's promotions, merit-based raises, and performance evaluations.

**ANSWER:** Abbott denies the allegations contained in Paragraph 9.

10. Despite Plaintiff's fifteen (15) years of dedicated service, on January 30, 2008 Defendant terminated Plaintiff's employment for pre-textual purposes, based on a purported conflict of interest violation alleged to have occurred over five (5) years earlier, in order to replace him with a substantially younger employee.

**ANSWER:** Abbott denies the allegations contained in Paragraph 10.

11. The allegation, based on the sale of a furnace that occurred in approximately 2002, was made by Randy Prohaska, a contractor of Defendant, whom Plaintiff had previously made reports to Defendant of Prohaska's dangerous, erratic, and criminal behavior.

**ANSWER:** Abbott admits that Randy Prohaska was a contractor that performed work for Abbott and that Randy Prohaska reported to Abbott that Plaintiff had engaged in conduct that violated Abbott policies based, in part, on the sale of a furnace. Abbott otherwise denies the allegations contained in Paragraph 11.

12. Although an investigation purportedly ensued regarding the allegations against Plaintiff, Defendant refused Plaintiff's request to interview relevant parties who would have corroborated that Plaintiff had not violated Defendant's policies.

**ANSWER:** Abbott admits that it conducted an investigation regarding allegations against Plaintiff. Abbott otherwise denies the allegations contained in Paragraph 12.

13. Further, when Plaintiff was interviewed in the investigation, he requested to bring a witness to the interview, only to be told by Connie Covington, Employee Relations Manager, that "he had no rights and could not bring anyone" to the meeting.

**ANSWER:** Abbott admits that Plaintiff was interviewed in connection with the allegations against Plaintiff. Abbott otherwise denies the allegations contained in Paragraph 13.

    14.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, forty-six (46).

**ANSWER:** Abbott denies the allegations contained in Paragraph 14.

    15.    Following the termination of his employment, Defendant replaced Plaintiff's position, duties, and responsibilities with Harold Hangebrauck, a substantially younger employee in his mid-thirties.

**ANSWER:** Abbott admits that Harold Hangebrauck replaced Plaintiff's position, duties, and responsibilities following Plaintiff's termination. Abbott denies that Harold Hangebrauck was a substantially younger employee in his mid-thirties.

    16.    Further, on the same day Plaintiff was terminated, Defendant also terminated the employment of Dennis Sandri, an employee over the age of fifty (50), for the same pre-textual reasons as Plaintiff.

**ANSWER:** Abbott admits that it terminated the employment of Dennis Sandri on the same day Plaintiff's employment was terminated. Abbott admits that Dennis Sandri was over the age of fifty at the time his employment was terminated. Abbott otherwise denies the allegations contained in Paragraph 16.

    17.    The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, forty-six (46), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

**ANSWER:** Abbott denies the allegations contained in Paragraph 17.

18. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:** Abbott denies the allegations contained in Paragraph 18.

## JURY TRIAL DEMAND

19. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:** The allegations contained in Paragraph 19 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant, Abbott Laboratories ("Abbott" or "Defendant"), by and through its attorneys, hereby asserts the following Affirmative Defenses to Plaintiff's Complaint.

**AFFIRMATIVE DEFENSE 1:** Abbott had good cause for terminating Plaintiff, not related to his age.

**AFFIRMATIVE DEFENSE 2:** Even if it were determined that Abbott impermissibly considered Plaintiff's age, Abbott nevertheless would have taken the same action in the absence of the impermissible motive, thus barring Plaintiff's claim for damages in whole or in part.

**AFFIRMATIVE DEFENSE 3:** Plaintiff's claims are barred, in whole or in part, to the extent he engaged in conduct for which Abbott would have terminated his employment had Abbott learned of his conduct during his employment.

**AFFIRMATIVE DEFENSE 4:** All actions or omissions by Abbott with regard to Plaintiff were lawful, made in good faith compliance with applicable provisions of law, rules and

-7-

regulations, based on all relevant facts and circumstances known by Abbott at the time it acted, and based on factors unrelated to Plaintiff's age.

**AFFIRMATIVE DEFENSE 5:** Abbott undertook good faith efforts to comply with anti-discrimination laws – including the ADEA – by, among other things, making good faith efforts to enforce an anti-discrimination policy, thus barring any claim for liquidated damages.

**AFFIRMATIVE DEFENSE 6:** Plaintiff's claims are barred to the extent that they are outside the scope of his administrative charge.

**AFFIRMATIVE DEFENSE 7:** To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Abbott exercised no control.

**AFFIRMATIVE DEFENSE 8:** Plaintiff's claim for damages is barred to the extent he has failed to mitigate his damages.

WHEREFORE, Defendant Abbott Laboratories respectfully requests that the Court enter a judgment in its favor and against Plaintiff as follows:

    (a)    dismissing Plaintiff's Complaint with prejudice; and

    (b)    granting Defendant Abbott Laboratories such other and further relief as the Court deems just and proper.

Dated: July 22, 2008

        Respectfully submitted,

        ABBOTT LABORATORIES

        By   /s/ Matthew K. Organ
            One of Its Attorneys

Jon E. Klinghoffer
Matthew K. Organ
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 22, 2008, he caused a copy of Defendant Abbott Laboratories' **Answer and Affirmative Defenses to Complaint** to be served via the Court's ECF/electronic mailing system upon the following:

>Lisa Kane
>Janice A. Wegner
>Darren A. Bodner
>Michael Young
>Tyler Manic
>Lisa Kane & Associates
>Suite 1420
>120 South LaSalle Street
>Chicago, Illinois 60603

/s/ Matthew K. Organ
Matthew K. Organ